2015-IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUYEN LUONG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:15-CV-3361 |
| | § | |
| THE TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY and | § | |
| DUSTIN JONES, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, one of the defendants in the above entitled and numbered cause, and files this its notice of removal, and in support thereof would respectfully show unto this Honorable Court as follows:

**I.**
**STATE COURT ACTION**

This case was initially filed in the 55th Judicial District Court of Harris County, Texas.  The state court action is styled: Cause No. 2015-62011; Huyen Luong v. The Travelers Home and Marine Insurance Company and Dustin Jones, originally filed in the 55th Judicial District Court of Harris County, Texas.

**II.**
**PARTIES**

The plaintiff, Huyen Luong, is an individual citizen and resident of the State of Texas.

The defendant, The Travelers Home and Marine Insurance Company ("Travelers"), is a Connecticut corporation with its principal place of business in the State of Connecticut.

The defendant, Dustin Jones ("Jones"), is an individual citizen and resident of the State of Texas.  Significantly, however, Jones and the plaintiff's claims against Jones have been improperly joined to this suit.  Accordingly, Jones' citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.

### III.
### JURISDICTION

This Court has jurisdiction over the subject matter of this cause pursuant to 28 U.S.C. § 1332 because this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and represents a dispute for which the <u>properly</u> joined parties are citizens of different states.  Here, the plaintiff has improperly joined Jones to this suit.  As such, Jones' citizenship should be disregarded for the purpose of determining this Court's jurisdiction over the plaintiff's claims against Travelers.  As the plaintiff is a resident and citizen of Texas and Travelers is a citizen of Connecticut, this cause is removable pursuant to 28 U.S.C. § 1441 and § 1446 and the case law construing and applying same.

**A. The doctrine of improper joinder is an exception to the rule of complete diversity entitling a defendant to remove to a federal forum unless an in-state defendant has been properly joined.**

Under 28 U.S.C. § 1441(a), any state court action over which federal courts would have original jurisdiction may be removed from state court to federal court. <u>Gasch v. Hartford Accident & Indemnity Co.</u>, 491 F.3d 278, 282 (5th Cir. 2007).  Under

28 U.S.C. § 1441(b), when original jurisdiction would be based on diversity, a defendant may remove a state court action only "if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Dalton v. State Farm Lloyd's, Inc., 2013 U.S. Dist. LEXIS 86490, *14 (S.D. Tex. June 19, 2013). "The doctrine of improper joinder…prevents defeat of federal removal jurisdiction premised on diversity by the presence of an improperly joined, non-diverse defendant." Dalton, 2013 U.S. Dist. LEXIS 86490, *14-15 (citing Borden v. Allstate Ins. Co., 589 F.3d 168, 171 (5th Cir. 2009)). Citizenship of an improperly joined party is totally disregarded in determining the court's subject matter jurisdiction. Dalton, 2013 U.S. Dist. LEXIS 86490, *15 (citing Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 572 (5th Cir. 2003)).

Improper joinder may be established by showing either (1) actual fraud in the pleading of jurisdictional facts or (2) that the plaintiff is unable to establish a cause of action against the non-diverse defendant in state court. Dalton, 2013 U.S. Dist. LEXIS 86490, *15. Under the second alternative, the defendant claiming improper joinder must show that there is no possibility of recovery by the plaintiff against the in-state defendant, i.e., in other words, that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant. Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 576 (5th Cir. 2003); Travis v. Irby, 326 F.3d 644, 648 (5th Cir. 2003). To assess whether a plaintiff has a reasonable basis of recovery under state law, "the court may conduct a [FED. R. CIV. P.] 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood, 385 F.3d at 573.

**B. Jones has been improperly joined because the plaintiff has not alleged a reasonable basis for the Court to predict that the plaintiff can recover against Jones.**

The plaintiff asserts that Travelers initially hired or assigned Jones to inspect and adjust the claim.  See plaintiff's original petition at ¶ 14.  The plaintiff further alleges that "[i]n Travelers' first denial letter, Jones stated "our research has found that while wind is a covered cause of loss, there was no wind damage to your roof."  See id.  The plaintiff then alleges that Jones' inspection generated an estimate of damages that only addressed damages to the interior of the home, totaling $1,137.96.  See id.  The plaintiff has made no other factual allegations specifically against Jones, but has asserted claims against Jones for violations of Sections 541.060(a)(2)(A), 541.060(a)(3), 542.003(3) and 542.003(4) of the Texas Insurance Code and Section 17.46(b)(2), (5), and (7) of the Texas Deceptive Trade Practices Act ("DTPA").  See plaintiff's original petition at ¶¶ 52-56.

Here, the plaintiff's allegations are nearly void of any facts relating to the adjuster.  The only factual allegation relating to Jones is that Travelers initially hired by Jones to inspect and adjust the claim, and as a result of Jones' inspection, Travelers sent a denial letter in which Jones allegedly indicated that there was no wind damage to the plaintiff's roof.  See plaintiff's original petition at ¶ 14.  There are no factual allegations indicating that Jones did anything that would make him liable for any of the claims or causes of action brought by the plaintiff against Jones (i.e., that Jones did anything that would provide a reasonable basis for predicting that state law would allow recovery against Jones under any pleaded theory of recovery).  "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between Plaintiffs' allegation and the pleaded theory of recovery.  Griggs v. State Farm

Lloyds, 181 F.3d 694, 701 (5th Cir. 1999).  See also Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003)(observing that the plaintiff cannot avoid removal by pointing to "a mere theoretical possibility of recovery under local law").   Here, there is no factual fit between the plaintiff's allegation that Travelers hired Jones to inspect and adjust the claim and the plaintiff's theories of recovery against Jones (i.e., alleged violations of the Texas Insurance Code and the DTPA).   Thus, the plaintiff's original petition fails to state a claim against Jones under Rule 12(b)(6).   See, e.g., First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co., 2008 U.S. Dist. LEXIS 75961, *7 (E.D. Tex. Sept. 29, 2008) ("In addition to identifying a cause of action recognized under state law, the petition must allege facts that support that cause of action").   Accordingly, Jones was improperly joined and should be disregarded in determining whether this court has subject matter jurisdiction.

### 1. The plaintiff cannot recover against Jones under Tex. Ins. Code § 541.060(a)(2)(A).

Section 541.060(a)(2) involves the failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claims where the insurer's liability is reasonably clear.   TEX. INS. CODE § 541.060(a)(2).   However, an adjuster "cannot be held liable under this section because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer.]"   See Messersmith v. Nationwide Mut. Fire Ins. Co., 10 F.Supp.3d 721, 724 (N.D. Tex. 2014).   Instead, an adjuster's "role is to assess the damage."   Id.   Because an adjuster cannot be held liable under Section 541.060(a)(2), the plaintiff cannot recover against Jones under Section 541.060(a)(2).

### 2. The plaintiff cannot recover against Jones under Tex. Ins. Code § 541.060(a)(3).

Section 541.060(a)(3) provides that it is an unfair settlement practice to fail to "promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim."  TEX. INS. CODE § 541.060(a)(3).  However, an adjuster cannot be held liable under Section 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim. Mainali Corp., 2015 U.S. Dist. LEXIS 115191 *11-15 (N.D. Tex. Aug. 31, 2015). Because an adjuster cannot be held liable under Section 541.060(a)(3), the plaintiff cannot recover against Jones under Section 541.060(a)(3).

### 3. The plaintiff cannot recover against Jones under Tex. Ins. Code §§ 542.003(3) or 542.003(4).

Section 542.003 only applies to specifically listed "insurers."  See TEX. INS. CODE. ANN. § 542.002. See also Mainali Corp., 2015 U.S. Dist. LEXIS 115191 *15.  Jones is an adjuster, not an insurer.  See Messersmith, 10 F.Supp.3d at 723 (holding that an adjuster could not be held liable under § 542.060(a) because an adjuster is not an insurer).  Because Jones is an adjuster, and because an adjuster cannot be held liable under Section 542.003, the plaintiff cannot recover against Jones under Section 542.003(3) or 542.003(4).

### 4. The plaintiff cannot recover against Jones under the DTPA based on the allegations in the plaintiff's original petition.

The plaintiff's allegations with regard to his claim that Jones violated the DTPA fail to properly state a claim for relief.  The plaintiff's petition makes only conclusory allegations that provide the Court no reasonable basis to predict that the plaintiff might be able to establish liability against Jones under the DTPA.  See e.g., Mainali Corp.,

2015 U.S. Dist. LEXIS 115191 *11-15.   As in <u>Mainali</u>, the plaintiff has pled only a theoretical possibility that Jones could be held liable under the DTPA.   <u>Mainali Corp.</u>, 2015 U.S. Dist. LEXIS 115191 *13-14 (citing <u>Smallwood</u>, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical possibility of recovery")). <u>See also</u> <u>Weber Paradise Apartments, LP</u>, 2013 U.S. Dist. LEXIS 72892, at *8 (N.D. Tex. May 23, 2013)(quoting <u>Griggs</u>, 181 F.3d at 701 ("The mere recitation or paraphrasing to statutory provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery'")).

In determining whether a reasonable basis exists to predict that the plaintiff might be able to establish liability, courts must determine whether the plaintiff has set forth "specific actionable conduct" to support its claim against the non-diverse defendants. <u>King v. Provident Life and Accident Ins. Co.</u>, 2010 WL 2730890, at *4 (E.D. Tex. June 4, 2010) (citing <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 701 (5th Cir. 1999)). "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the <u>factual fit</u> between the plaintiff's allegations and the pleaded theory of recovery." <u>Griggs</u>, 181 F.3d at 701) (emphasis in original).  Here, the plaintiff has not listed any "specific actionable conduct" against Jones by which his DTPA claims would be supported.  <u>Id.</u> at 699.  While the plaintiff has alleged that Travelers initially hired Jones to inspect and adjust the claim at issue, that allegation does not factually fit with the plaintiff's DTPA claims.  Instead, the plaintiff has merely lumped Travelers and Jones together and made undifferentiated liability averments.  Thus, the plaintiff has

failed to provide any reasonable basis for the Court to predict that he can recover under the DTPA.  As such, Jones and the claims brought under the DTPA against Jones have been improperly joined and the plaintiff cannot recover against Jones based on the allegations in the plaintiff's original petition.

## IV.
## TIMELINESS

Travelers was served with process and the plaintiff's original petition on October 26, 2015.  Thirty days have not elapsed since Travelers was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

Upon information and belief, Jones has not yet been served with process and the plaintiff's original petition.  Thus, thirty days have not elapsed since Jones was served with process. Accordingly, pursuant to 28 U.S.C. § 1446, this notice of removal is timely and proper.

## V.
## ATTACHMENTS

Pursuant to 28 U.S.C. § 1446(a), Local Rule 3, and Local Rule 81, the following exhibits are attached hereto and incorporated herein by reference for all purposes:

a.  Exhibit A:   Civil action cover sheet;

b.  Exhibit B:   Copies of all executed processes in the case, if any;

c.  Exhibit C:   Copies all pleadings asserting causes of action and all answers to such pleadings;

d.  Exhibit D:   Copies of all orders signed by the state court judge, if any;

e.  Exhibit E:   A copy of the state court docket sheet;

f.   Exhibit F:   An index of matters being filed;

g.  Exhibit G:   A list of all counsel of record, including addresses, telephone numbers, and parties represented; and

h.  Exhibit H:   Dustin Jones' consent to removal.

## VI.
## CONDITIONS PRECEDENT

Travelers has tendered the filing fee required by the Clerk of the United States District Court for the Southern District of Texas, Houston Division, along with this notice of removal.  A copy of this notice of removal is also being filed in the 55th Judicial District Court of Harris County, Texas, and all counsel of record are being provided with complete copies.

## VII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, The Travelers Home and Marine Insurance Company respectfully requests that the above action, styled: Cause No. 2015-62011; Huyen Luong v. The Travelers Home and Marine Insurance Company and Dustin Jones, originally filed in the 55th Judicial District Court of Harris County, be removed to this Court.

[SIGNATURE PAGE TO FOLLOW]

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
Southern District Bar No. 33280
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
Southern District Bar No. 1129798
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 16th day of November, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and also forwarded it to the following counsel of record by Certified Mail, Return Receipt Requested:

      Chad T. Wilson
      Christian E. Hawkins
      Chad T. Wilson Law Firm, PLLC
      1322 Space Park Drive, Suite A155
      Houston, Texas 77058

                          /s/ Greg C. Wilkins_____