# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **HUYEN LUONG,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:15-CV-3361** |
| | § | |
| **THE TRAVELERS HOME AND MARINE** | § | |
| **INSURANCE COMPANY and** | § | |
| **DUSTIN JONES,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**
**EXHIBIT C: COPIES OF PLEADINGS ASSERTING**
**CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, The Travelers Home and Marine Insurance Company, a defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.

10/18/2015 12:03:06 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7423265
By: Nelson Cuero
Filed: 10/19/2015 12:00:00 AM

## 2015-62011 / Court: 055

NO. _____

| | | |
|---|---|---|
| HUYEN LUONG, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | |
| | § | HARRIS COUNTY, TEXAS |
| THE TRAVELERS HOME AND MARINE | § | |
| INSURANCE COMPANY and | § | |
| DUSTIN JONES, | § | |
| | § | |
| Defendants. | § | _____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Huyen Luong ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of The Travelers Home and Marine Insurance Company ("Travelers"), and Dustin Jones ("Jones") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiff, Huyen Luong, resides in Harris County, Texas.

3.    Defendant, The Travelers Home and Marine Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon The Travelers Home and Marine Insurance Company through its registered agent for service, **Corporation Service Company, 211 East 7th Street, Suite**

**620, Austin, Texas, 78701-3218**. Plaintiff requests service at this time.

4.    Defendant, Dustin Jones, is an individual resident of Houston, Texas. Plaintiff requests service of citation upon Dustin Jones at the address listed with the Texas Department of Insurance: **6019 Bonn Echo, Houston, Texas 77017**. Plaintiff requests service at this time.

## JURISDICTION

5.    The Court has jurisdiction over The Travelers Home and Marine Insurance Company because Travelers engages in the business of insurance in the State of Texas, and the causes of action arise out of Travelers' business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.    The Court has jurisdiction over Dustin Jones because he engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of his business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7.    Venue is proper in Harris County, Texas, because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8.    Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.    Plaintiff owns an The Travelers Home and Marine Insurance Company homeowner's

2

insurance policy, number 0CLS95-987748522-633-1 ("the Policy"), which was issued by Travelers. At all relevant times, Plaintiff owned the insured premises located at 1527 Martin Street, Houston, Texas 77018 ("the Property").

10.    Travelers or its agent sold the Policy, insuring the Property, to Plaintiff. Travelers represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's home.

11.    On or about April 19, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas, area.

12.    In the aftermath of the hail and windstorm, Plaintiff submitted a claim to Travelers against the Policy for damage to the Property. Travelers assigned claim number HUK4419 to Plaintiff's claim.

13.    Plaintiff asked Travelers to cover the cost of damage to the Property pursuant to the Policy.

14.    Travelers initially hired or assigned Jones to inspect and adjust the claim. Travelers' ultimately conducted three inspections of Plaintiff's Property. The first occurred on or about May 1, 2015. In Travelers' first denial letter, Jones stated "our research found that while wind is a covered cause of loss, there was no wind damage to your roof." Jones' inspection generated an estimate of damages that only addressed damages to the interior of the home, totaling $1,137.96 in estimated damages.

15.    Travelers' second inspection occurred on or about June 22, 2015. In their second denal letter, Travelers stated "our research found no evidence of wind or haildamage to the roof however it does suffer from wear and tear." Because wear and tear is not covered by Plaintiff's Policy, Travelers did not provide coverage.

3

16.     Travelers' third inspection occurred on or about July 9, 2015. Again, Travelers found no
        wind or hail damage to the roof. This final denial left Plaintiff without adequate recovery
        to complete proper repairs on her home.

17.     Travelers, through its agents, conducted three substandard and improper inspection of the
        Property, which grossly undervalued the cost of repairs in its estimate and yielded an
        unrealistic amount to underpay coverage.

18.     Travelers has ultimately refused any additional coverage which includes, but is not limited
        to, replacement of the roof and interior walls in a manner that complies with Harris County
        building codes. The damage to Plaintiff's Property is currently estimated at $34,362.64,
        which includes the cost to replace the roof and to repair damage to the interior of the
        Property.

19.     As stated above, Defendants improperly adjusted Plaintiff's claim. Without limitation,
        Defendants misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's
        Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under
        the Policy.

20.     Defendants made these and other false representations to Plaintiff, either knowingly or
        recklessly, as a positive assertion, without knowledge of the truth. Defendants made these
        false representations with the intent that Plaintiff act in accordance with the
        misrepresentations regarding the grossly deficient damage and repair estimates prepared
        by Jones.

21.     Plaintiff relied on Defendants' misrepresentations, including but not limited to those
        regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's

4

Property.   Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property.

22.    Upon receipt of the inspection report from Jones, Travelers failed to assess the claim thoroughly.  Based upon Travelers' grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Travelers failed to provide coverage due under the Policy, and Plaintiff suffered damages.

23.    Because Travelers failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

24.    Travelers failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, Travelers refused to pay any additional proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

25.    Travelers' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Travelers and Plaintiff.

26.    Travelers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Travelers has failed to settle Plaintiff's claim in a fair manner, although Travelers was aware of their liability to Plaintiff under the Policy.  Specifically, Travelers has failed to, in an honest and fair manner, balance its own

5

interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

27. Travelers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Travelers failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

28. Additionally, after Travelers received statutory demand on July 29, 2015, Travelers has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

29. Travelers' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Travelers refused to provide coverage to Plaintiff under the Policy due to Defendants' failure to conduct a reasonable investigation.

30. Specifically, Travelers, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

31. Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Travelers failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

32. Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Travelers failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Travelers has

delayed full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received payment.

33.     Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing her with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT THE TRAVELERS HOME AND MARINE INSURANCE COMPANY

### BREACH OF CONTRACT

34.     Travelers is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Travelers and Plaintiff.

35.     Travelers' failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Travelers' insurance contract with Plaintiff.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

36.     Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

37.     Travelers' unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

7

38.     Travelers' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Travelers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

39.     Travelers' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

40.     Travelers' unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.     Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable under TEX. INS. CODE §542.060.

42.     Travelers' delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

### BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43.     Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

8

44. Travelers' failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Travelers knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

45. Travelers' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Travelers pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Travelers. Specifically, Travelers' violations of the DTPA include, without limitation, the following matters:

A. By its acts, omissions, failures, and conduct, Travelers has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Travelers' violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B. Travelers represented to Plaintiff that the Policy and Travelers' adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

9

C.   Travelers represented to Plaintiff that Travelers' Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.   Travelers advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.   Travelers breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.   Travelers' actions are unconscionable in that Travelers took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Travelers' unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.   Travelers' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

46.   Each of the above-described acts, omissions, and failures of Travelers is a producing cause of Plaintiff's damages. All of Travelers' acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

47.   Travelers is liable to Plaintiff for common law fraud.

48.   Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as she did, and Travelers knew the

10

representations were false or made recklessly without any knowledge of their truth as a positive assertion.

49.     Travelers made these statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

### CAUSES OF ACTION AGAINST DEFENDANT DUSTIN JONES

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

50.     Jones' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

51.     Jones is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Travelers, because Jones is a "person" as defined by TEX. INS. CODE §541.002(2).

52.     Jones knowingly underestimated the amount of damage to the Property.  As such, Jones failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

53.     Furthermore, Jones did not attempt in good faith to effect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

54.     Jones' unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

11

55.   Jones' unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claims, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

56.   Jones' conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Jones pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Jones. Specifically, Jones' violations of the DTPA include the following matters:

A.   By his acts, omissions, failures, and conduct, Jones has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Jones' violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.   Jones represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.   Jones represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

12

D.     Jones' actions are unconscionable in that Jones took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.    Jones' unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.     Jones' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

57.    Each of Jones' above-described acts, omissions, and failures is a producing cause of Plaintiff's damages.  All acts, omissions, and failures were committed "knowingly" and "intentionally" by Jones, as defined by the Texas Deceptive Trade Practices Act.  TEX. BUS. & COM. CODE 17.45.

## KNOWLEDGE

58.    Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

59.    Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

60.    The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden

13

to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

61.    Plaintiff currently estimates that actual damages to the Property under the Policy are $34,362.64

62.    Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

63.    For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, consequential damages, together with attorney's fees.

64.    For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times her actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

65.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

66.    For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of

14

duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Travelers owed, exemplary damages, and damages for emotional distress.

67.    Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct, and to set an example to deter Defendants and others from committing similar acts in the future.

68.    For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

69.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

70.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiff's counsel states

that Plaintiff seeks only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

71. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

72. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, The Travelers Home and Marine Insurance Company and Dustin Jones, be cited and served to appear, and that upon trial hereof, Plaintiff, Huyen Luong, recovers from Defendants, The Travelers Home and Marine Insurance Company and Dustin Jones, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-

judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

17



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



CERTIFIED MAIL
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

047J82004178
$07.89⁰
10/22/2015
Mailed From 77002
US POSTAGE

TRAVELERS HOME AND MARINE
INSURANCE COMPANY C/O
CORPORATION SERVICE COMPANY
211 EAST 7TH ST SUITE 620
AUSTIN, TX 78701-3218

## CAUSE NO. 2015-62011

| | | |
|---|---|---|
| **HUYEN LUONG,** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **55TH JUDICIAL DISTRICT** |
| | § | |
| **THE TRAVELERS HOME AND MARINE** | § | |
| **INSURANCE COMPANY and** | § | |
| **DUSTIN JONES** | § | |
| | § | |
| **Defendants.** | § | **HARRIS COUNTY, TEXAS** |

## <u>DEFENDANT'S ORIGINAL ANSWER</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, The Travelers Home and Marine Insurance Company, one of the defendants in the above entitled and numbered cause, and files this its original answer to the plaintiff's original petition on file herein, and in support thereof would respectfully show the Court as follows:

### I.

The defendant hereby generally denies the allegations contained in the plaintiff's petition on file herein pursuant to Rule 92 of the Texas Rules of Civil Procedure, and thus asserts its privilege of insisting that such allegations be proven by a preponderance of credible evidence.

### II.

Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, the defendant notifies all parties to this lawsuit of the defendant's intent to introduce as evidence at any pretrial proceeding or at trial any document produced by any party in discovery in this lawsuit.

III.

The defendant specifically reserves the right to amend its answer to plead any affirmative defenses or other matters that must be specially pled and to assert any counterclaims or third-party claims it may have after discovery in this case is complete.

WHEREFORE, PREMISES CONSIDERED, the defendant, The Travelers Home and Marine Insurance Company, moves and prays the Court that upon trial hereof, the plaintiff recover nothing, and that the defendant go hence with its costs, and for such other and further relief, both general and special, legal and equitable, to which the defendant may show itself justly entitled to receive.

Respectfully submitted,

ORGAIN BELL & TUCKER, LLP
P O Box 1751
Beaumont, TX 77704-1751
(409) 838-6412
(409) 838-6959 facsimile

/s/ Greg C. Wilkins
Greg C. Wilkins
State Bar No. 00797669
gcw@obt.com
Warren B. Wise
State Bar No. 24075299
wwise@obt.com

ATTORNEYS FOR DEFENDANT,
THE TRAVELERS HOME AND
MARINE INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that on the 16th day of November, 2015, I electronically filed the foregoing with the Harris County District Clerk via eFile Texas which will send notification of such filing to each counsel of record.

/s/ Greg C. Wilkins
